IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

KEVIN DAWS,

    Petitioner,

v.                                                                           No. 1:15-cv-01214-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

---

ORDER DENYING MOTION AS MOOT
AND
HOLDING CASE IN ABEYANCE

---

    Before the Court is the request of Petitioner, Kevin Daws, for relief pursuant to *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015) (Docket Entry ("D.E.") 1), and his motion to proceed *in forma pauperis* (D.E. 3). For the following reasons, the motion is DENIED as moot and the proceedings in this case are HELD IN ABEYANCE.

    Daws filed his *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on August 24, 2015, seeking relief under *Johnson*. In November 2017, the United States Probation Office ("USPO") prepared a revised memorandum addressing *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), and opining that Petitioner is not entitled to § 2255 relief. After appointing counsel for Petitioner (D.E. 6), the Court directed him to respond to the USPO memorandum and indicate whether he still believed he was entitled to relief[1] (D.E. 9). The Court also ordered Respondent, United States of America, to respond to Petitioner's statement if he insisted that relief was still warranted.

---

[1] In its order appointing counsel, the Court found that Petitioner is indigent. His motion to proceed *in forma pauperis* (D.E. 3) is therefore DENIED as moot.

On January 13, 2018, Daws, through counsel, filed a brief addressing the USPO memorandum and arguing that he remained entitled to relief under § 2255. (D.E. 10.) The Government did not respond to the brief and the time for doing so has passed.

Respondent has, in another case, addressed the very arguments that Petitioner advances here. (*See Patterson v. United States*, 1:15-cv-01300-JDB-egb, D.E. 17.) In that case, the United States insisted that relief was not warranted or, in the alternative, requested that the Court hold the proceedings in abeyance pending resolution of its petition for writ of certiorari in *Stitt*. The Court granted the Government's alternative request that the case be held in abeyance. (*Id.*, D.E. 18.)

A Westlaw search reveals that Respondent's petition for writ of certiorari remains pending before the Supreme Court. *See United States v. Stitt*, 2017 WL 5665444 (U.S. Nov. 21, 2017) (No. 17-765). Because the United States did not, as ordered, respond to Petitioner's brief in this case, the Court assumes that it has no objection to having the matter held in abeyance pending resolution of its appeal in *Stitt*.

Accordingly, the proceedings in this case are HELD IN ABEYANCE pending further notice. Respondent shall notify the Court of the Supreme Court's certiorari decision in *Stitt* within fourteen days of issuance.

IT IS SO ORDERED this 19th day of April 2018.

                                              s/ J. DANIEL BREEN
                                              UNITED STATES DISTRICT JUDGE